**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lawrence Erskine TAYLOR,**
**Defendant–Appellant.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**United States of America,**
**Plaintiff–Appellee,**

v.

**Lawrence Erskine Taylor,**
**Defendant–Appellant.**

**Nos. 06–50633, 06–50636.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 18, 2008.

Becky S. Walker, Esq., Mark Aveis, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

In these consolidated cases, Lawrence Erskine Taylor appeals from his guilty plea conviction and 180–month sentence for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). He was also convicted and sentenced during the same consolidated district court proceedings for being a felon in possession of a firearm, possession of a firearm in furtherance of a drug crime, and possession of cocaine base. We have

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the conviction for possession with intent to distribute marijuana, and we vacate the sentences for all four convictions and remand for resentencing.

Taylor contends that the district court erred at his change of plea hearing by not advising him of the correct statutory maximum term for the possession with intent to distribute marijuana count. We conclude that there was no Rule 11 error as Taylor was correctly advised that the statutory maximum term of imprisonment for the challenged count was five years. *See* 21 U.S.C. § 841(b)(1)(D); 21 U.S.C. § 851(a). Accordingly, his conviction on that count is affirmed.

The parties agree that the district court plainly erred when it imposed a sentence for his possession with intent to distribute marijuana conviction that was in excess of the statutory maximum. The district court erred by imposing a sentence of 180 months, which exceeded the five-year statutory maximum term applicable under 21 U.S.C. § 841(b)(1)(D). *See United States v. Alber*, 56 F.3d 1106, 1110 (9th Cir.1995).

However, because Taylor was simultaneously sentenced on multiple counts in two separate indictments, we agree with the government that the district court must reconsider the sentence in its entirety. *See United States v. Jenkins*, 884 F.2d 433, 441 (9th Cir.1989). Accordingly, we vacate each of Taylor's four sentences and remand for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED and REMANDED for resentencing.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.